# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **MICHAEL JOHN PETERSON** | ) | **Case No.   1:18-bk-10719-NWW** |
| **and SONYA MARIE PETERSON,** | ) | **Chapter   13** |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| **TENNESSEE DEPARTMENT OF** | ) | |
| **HUMAN SERVICES,** | ) | |
| | ) | **Adversary Proceeding** |
| Plaintiff, | ) | |
| v. | ) | No. _____-NWW |
| | ) | |
| **SONYA MARIE PETERSON,** | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT OF THE TENNESSEE DEPARTMENT OF HUMAN SERVICES TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)

The Tennessee Attorney General, Herbert H. Slatery III, through undersigned counsel, on behalf of the Tennessee Department of Human Services ("Plaintiff" or "Department"), files now this Complaint to determine that the debt owed by Sonya Marie Peterson ("Defendant") is nondischargeable pursuant to 11 U.S.C. § 523(a)(2). In support, the Department alleges as follows:

1. This adversary proceeding arises out of Defendant's Chapter 13 Bankruptcy Case No. 1:18-bk-10719, filed on February 20, 2018.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

3. Prior to the bankruptcy filing, Defendant Sonya Marie Peterson applied for and

received food stamp or SNAP benefits from the Department during the period of December 2013 through August 2014.

4. During this same time, Defendant's husband was a member of the household and employed by Weavmat, LLC, which Debtor failed to report.

5. By failing to report that her husband was living in the home and his employment, Defendant falsely represented to the Department that she was eligible for food stamp or SNAP benefits and, accordingly, received food stamp or SNAP benefits to which she was not entitled in the amount of $7,462 in violation of 7 CFR 273.16(c), 7 U.S.C. § 2015(b), Tenn. Code Ann. § 71-5-314 and Tenn. R. & Regs., Ch. 1240-5-14-.02. The current balance owed to the Department is $7,462.

6. The false statements and/or misrepresentations regarding the Defendant's income were materially false and were made with the intent to deceive the Department.

7. The Department relied on Defendant's false statements and/or misrepresentations in providing benefits.

8. As a result of Defendant's false statements and/or misrepresentations, Defendant is liable to the Department for the total sum of $7,462, the adversary filing fee of $350 and any travel expenses incurred by the Department due to the adversary proceeding.

9. Based on the foregoing, the debt to the Department is nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

ACCORDINGLY, the Department requests the Court enter an Order:

1. Designating that the debt to the Department in the amount of $7,462 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2);

      2.      Granting Judgment in favor of the Department and against Defendant in the amount of $7,462;

      3.      Awarding costs to the Department in the amount(s) of $350.00 plus any travel expenses incurred by the Department due to the adversary proceeding; and

      4.      Granting any other relief under law or equity to which the Department may be entitled.

Respectfully submitted,

HERBERT H. SLATERY III
Tennessee Attorney General and Reporter

/s/ Marvin E. Clements, Jr.
MARVIN E. CLEMENTS, JR. (BPR 016031)
Senior Assistant Attorney General
Office of the Attorney General
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 741-1935
Fax: (615) 741-3334
Marvin.Clements@ag.tn.gov

Attorney for Tennessee Department
of Human Services